# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**WILLIAM T. TAYLOR,**                                                 **PLAINTIFF**

vs.                                                         **NO. 1:05CV99-M-B**

**JO ANNE B. BARNHART, Commissioner**
**of Social Security,**                                                    **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff filed the instant social security appeal on April 13, 2005. The Defendant, the Commissioner of the Social Security, has moved this Court to enter an Order remanding this cause to the Commissioner for further action. This motion asks the Court to order remand of this cause to the Commissioner under Sentence Six of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) which provides in pertinent part:

> ". . . The Court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner . . ."

The Commissioner has stated she wishes to remand this case for further administrative action. Before the Commissioner filed her answer in this case, the Appeals Council of the Social Security Administration determined that remand was appropriate in order to complete an administrative record that is not presently in the proper state for the Commissioner to answer Plaintiff's complaint. Upon receipt of the Court's remand order, the Appeals Council will review the materials in the administrative record and identify those records that the Administrative Law Judge (ALJ) did not identify or admit into evidence in Sections A, B, and C of the administrative record. Additionally, such evidence and exhibits will be numbered and listed in an exhibit list,

which has not yet been done. Therefore, upon remand, the Appeals Council will issue a notice that proposes to admit relevant evidence (such as the benefit application, the earnings record, and procedural documents) into the record, unless Plaintiff's counsel presents a valid objection to the admission of such evidence into the record. In the absence of such objections to the admission of such evidence, the Appeals Council will then prepare a certified administrative record for the submission to the court.

Based on the foregoing, the undersigned finds good cause has been shown for the remand of this case, and no objection has been interposed by plaintiff. Therefore, it is recommended that defendant's motion to remand be granted.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**RESPECTFULLY SUBMITTED** this, the 23rd day of June, 2005.

/s/ Eugene M. Bogen
**U. S. MAGISTRATE JUDGE**