IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


**WILLIAM T. TAYLOR**                                                               **Plaintiff**

v.                                                            Civil Action No. 1:05CV99-M-B

**THE COMMISSIONER OF**
**SOCIAL SECURITY**
                                                                                      **Defendant**


## MEMORANDUM OPINION

Plaintiff, William T. Taylor, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act') of an unfavorable final decision of the Commissioner of Social Security Administration (the "Commissioner"), regarding his claim for Disability Insurance Benefits under Title II and Supplemental Security Income ("SSI") benefits under Title XVI. The Court, having fully considered the administrative record and applicable law, finds the decision of the Commissioner should be affirmed for the reasons that follow.

### Administrative Proceedings

Plaintiff filed applications for Disability Insurance Benefits and SSI on March 31, 2003, alleging a disability onset date of November 20, 2002. (Tr. 65-72). The applications were denied initially and on reconsideration. (Tr. 73-87).

Thereafter, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Tr. 27). A hearing was held before an ALJ on October 6, 2004, in Tupelo, MS. (Tr. 31-64). Plaintiff was present and represented by counsel. *Id.* In a hearing decision dated November 22, 2004, the ALJ found Plaintiff was not disabled as defined in the Act. (Tr. 12-18). The ALJ's

hearing decision became perfected as the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 18, 2005. (Tr. 2-5). The ALJ's final hearing decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

## Facts

Plaintiff was born on January 25, 1961, and was 43 years old at the time of the hearing decision, dated November 22, 2004. (Tr. 36). He completed eighth grade. (Tr. 98). Plaintiff's past relevant work included work as a general farm worker, janitor, material handler, farm tractor operator, shipping/receiving clerk, lathe operator and furniture assembler. (Tr. 60). He alleged he could no longer work due to chronic obstructive pulmonary disease ("COPD"), heart embolism and a heart condition. (Tr. 93). After a review and evaluation of the medical evidence of record, the subjective testimony at the hearing and the testimony of a vocational expert ("VE") in conjunction with the Medical-Vocational Guideline Rules, the ALJ concluded plaintiff was not disabled. (Tr. 12-18). The ALJ found plaintiff had the residual functional capacity ("RFC") to perform a significant range of sedentary work with limitations in climbing, stooping, crouching and kneeling as well as restrictions in climbing ladders, balancing and crawling. (Tr. 17).[1]

## Standard of Review

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is

---

[1]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). Though this job involves sitting, a certain amount of walking and standing are occasionally required. *Id.*

supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

## **Law**

To be considered disabled and eligible for benefits, Plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[2] *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236

---

[2]The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

3

(5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If he successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th

---

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id*. §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id*. §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id.*; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## Analysis

The ALJ correctly applied the five-step sequential evaluation in this case. At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 17). Because this finding is supported by substantial evidence in the record, the ALJ committed no error at step one.

At step two, the ALJ determined Plaintiff had COPD, which was a severe impairment based upon the Requirements in the Regulations (20 C.F.R. §§ 404.1520 and 416.920). (Tr. 17). This finding is supported by substantial medical evidence in the record. No such finding was made as regards Plaintiff's alleged heart condition because there were no credible clinical or other objective medical findings substantiating the same. For instance, in December 2002, Plaintiff underwent a myocardial perfusion study, which demonstrated normal rest and stress myocardial images as well as normal left ventricular function. (Tr. 136 ). There was no evidence of exercised induced ischemia or prior infarction. *Id.* Then, in January 2003, Plaintiff complained of chest discomfort, palpitations and rapid heart rhythms secondary to climbing stairs

5

or walking. (Tr. 108 ). An arterial examination was normal, (Tr. 106), and an echocardiogram revealed normal left ventricular size and systolic function with no intracardiac masses, clots, vegetations or pericardial effusion. (Tr. 134). As such, I find the ALJ's finding at step two is supported by substantial evidence.

At step three, the ALJ determined Plaintiff's COPD, though severe, did not meet or medically equal any listed impairment. (Tr. 17). This finding is also supported by substantial evidence in the record.

At step four, the ALJ concluded Plaintiff had the RFC to perform sedentary work with limitations in climbing, stooping, crouching and kneeling, as well as restrictions in climbing ladders, balancing and crawling. (Tr. 17). The ALJ based this determination on the objective medical evidence of record and Plaintiff's subjective testimony. (Tr. 15). Also, the ALJ found that Plaintiff's RFC precluded the performance of his past relevant work. (Tr. 17).

Plaintiff testified that he suffered from heart problems, breathing problems and COPD. (Tr. 41, 48, 50). He said he could only stand/walk for 10 minutes, lift about ten pounds and drive only short distances. (Tr. 39, 57-58 ). He said sitting did not cause him any problems and that all he did was sit. (Tr. 58). He also testified he did little to no house/yard work. (Tr. 41-2, 56).

In June 2004, Plaintiff underwent a consultive examination given by Dr. Jim Adams. (Tr. 164-166). Dr. Adams found Plaintiff had a history of "extremely heavy" cigarette smoking and that he continued to smoke. (Tr. 166). In a Medical Source Statement, Dr. Adams noted Plaintiff could lift/carry ten pounds; sit without limitations; and stand/walk two hours of an eight-hour workday. (Tr. 167-68). Dr. Adams further noted Plaintiff had restrictions in climbing ladders, balancing, crawling, pushing/pulling and seeing, as well as in exposure to

6

heights, temperature extremes, dust and humidity. (Tr. 168-69). Dr. Adams added that Plaintiff had limitations in climbing, stooping, crouching and kneeling. (Tr. 169).

In just under two months later, Plaintiff returned to Dr. Adams for a repeat examination. (Tr. 170-73). Dr. Adams's report indicated Plaintiff's right leg was shorter than the left leg. (Tr. 170). Plaintiff reported that he required an intramedullary rod in the left femur, secondary to a car accident. *Id.* Dr. Adams noted that this limited Plaintiff's ability to sit or stand. (Tr. 173). A second Medical Source Statement completed by Dr. Adams indicated Plaintiff possessed limitations in sitting and standing; could carry/lift only ten pounds; and could stand/walk only two hours in an eight-hour workday. (Tr. 174-76). He further found the same postural and environmental limitations as before. *Id.* However, Dr. Adams indicated that except as regards Plaintiff's COPD, his opinions were based upon Plaintiff's subjective complaints and that said limitations were not normally expected from the type and severity of Plaintiff's diagnosis. (Tr. 176).

Plaintiff's testimony regarding his limitations conflicted with the medical assessments made by Dr. Adams. Indeed, Dr. Adams noted that Plaintiff's complaints were out of line with those normally attendant with Plaintiff's impairments. Plaintiff's own allegations regarding his limitations were also inconsistent. Though Plaintiff told Dr. Adams he could not sit comfortably for more than 15 minutes, he later testified that all he did was sit. (Tr. 58, 170). Ultimately, the ALJ concluded Plaintiff's allegations were not totally credible. (Tr. 17). The Social Security Disability Benefits Reform Act of 1984 provides in pertinent part:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability. . .; there must be medical signs and findings . . . which could reasonably be expected to produce the pain or other symptoms

7

> alleged. . . . Objective medical evidence of pain or other symptoms established by
> medically acceptable clinical or laboratory techniques must be considered in
> reaching a conclusion as to whether the individual is under a disability.

42 U. S.C. § 423(d)(5)(A). Moreover, it is completely up to the Commissioner to resolve conflicts in the evidence. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983). Based on this, I find the ALJ's RFC finding was supported by substantial evidence.

Also, at step four a VE testified that given Plaintiff's RFC, he was not capable of returning to any of his past relevant work. (Tr. 59-61). Accordingly, the ALJ's determination that Plaintiff could not return to his past work is supported by substantial evidence.

At step five of the sequential evaluation process, the burden shifted to the Commissioner to show that Plaintiff was capable of performing other work that existed in the national economy and was, therefore, not disabled. The ALJ relied on the testimony of the VE in conjunction with the Medical-Vocational Guidelines in determining whether plaintiff was capable of performing other work that existed in significant numbers in the economy. (Tr. 16). The VE testified that given Plaintiff's age, educational background, work experience and RFC as found by the ALJ, Plaintiff could work as a dowel inspector, auto grinding machine operator and final assembler. (Tr. 61). As such, the burden shifted back to Plaintiff to show that he was not capable of performing such work. Because Plaintiff failed to show that he could not perform these jobs, he failed to meet his burden, and no error was committed by the ALJ at step five.

## Conclusion

In light of the foregoing, the ALJ's determination that Plaintiff was not disabled at any time through the date of his decision is supported by substantial evidence, and the decision of the Commissioner should be affirmed. A judgment consistent with this opinion shall be entered

8

separately.

      **THIS**, the 20th day of March, 2007.

                                        **/s/ Michael P. Mills**
                                        **UNITED STATES DISTRICT JUDGE**